## JAMES PATMOR v. R. G. ROMBAUER.

SUMMONS, *Defective — Not Set Aside — Laches.* Where in a summons issued on a case settled for the supreme court, the names of the parties, "Patmor" and "Rombauer," were spelled "Palmer" and "Rambauer," respectively, but the summons was correct in every other respect, and the errors were caused by no fault of plaintiff in error or his attorney, the service will not be set aside on a motion filed more than four months afterward, and more than one year after the rendering of the judgment complained of, and after the time for bringing a case to the supreme court has elapsed.

*Error from Crawford District Court.*

THE opinion herein, filed at the session of the court in April, 1889, states the facts.

*John T. Voss,* and *Ed. Van Gundy,* for plaintiff in error.
*W. C. Perry,* for defendant in error.

*Per Curiam:* On January 27, 1888, a judgment was rendered in the district court of Crawford county in favor of the plaintiff and against the defendant, in an action in which R. G. Rombauer was the plaintiff and James Patmor was the defendant. W. C. Perry was the attorney of record for the plaintiff, and John T. Voss and Ed. Van Gundy were the attorneys of record for the defendant. Afterward, and at the instance of the defendant, a case was settled, signed and authenticated for the supreme court, and on November 19, 1888, the defendant, as plaintiff in error, brought the case to the supreme court, making the plaintiff below the defendant in error. On the same day a summons was issued from the supreme court, directed to the sheriff of Shawnee county, and on the same day it was served by one of the sheriff's deputies upon the said W. C. Perry by delivering to Perry what purported to be a true copy of the summons. This copy seems to have been sufficient and perfect in every particular, except as follows: In the copy the name of James Patmor was given as James Palmer, and the name of R. G. Rombauer was given as R. G. Rambauer. In all other respects the copy of the summons

seems to have been correct and unobjectionable. It describes the judgment as having been rendered in the district court of Crawford county in favor of the defendant in error, who was plaintiff below, and against the plaintiff in error, who was defendant below, and the names of John T. Voss and Ed. Van Gundy were indorsed upon such copy as the attorneys for the plaintiff in error. On February 9, 1889, the defendant in error, by his attorney W. C. Perry, filed a motion in this court for the purpose of having the aforesaid service of summons set aside and quashed, and the motion has now been presented to this court for decision.

We think the motion should be overruled. The service of the summons was made by an officer, and by a proper officer for such purpose, and was served upon the attorney of record of the defendant in error, a proper person upon whom to serve the writ. (Civil Code, § 545.) And the copy of the summons, although defective in some particulars, described the case with such particularity that there could not have been any possible doubt or mistake with reference to the case intended; and the defects in the copy of the summons were not from any fault or neglect on the part of the plaintiff in error or his attorneys, but arose wholly from oversight or mistake on the part of the officers. Whether the defects in the copy of the summons are such that they would render the service of the summons voidable if the motion to set aside the service had been made earlier, it is not necessary now to decide, for the defendant in error and his, attorney waited nearly four months after the service of the summons was made upon the attorney before either filed any motion attacking the service, and the motion that was filed was not filed until more than one year had elapsed from the time of the rendering of the judgment complained of, and until after the entire time prescribed by statute for bringing a case to the supreme court had transpired. As to the service of writs upon the right person by a wrong name, etc., see Freeman on Judgments, § 154.

We think the service was not void, and as it was not void, it will not, under the circumstances of this case, be set aside.